151138 Ojo v. Lynch May it please the court good morning your honors My name is Henry Caleb Griffin. I represent Adebowale Ojo This case is about mr. Ojo's non-proton adoption order Mr. Ojo been deported he has not your honor And under a deportation order He is your honor. He's detained He was detained until quite recently He has now been released with ankle ankle a tracking ankle. He's like on bond. Yes, your honor Mr. Ojo His father actually the other mr. Ojo filed to adopt a petitioner when he was 16 years old which Is why I went back to the judge and requested the month-per-ton quarter Title 8 of the United States Code 1431 Say it back 13 years later All right Yes, your honor He first entered into the United States when he was five years old and the intent was at that time for him to be adopted the father of mr. Ojo His biological father was murdered when he was five years old in in Nigeria, right But the adoptive father the adoptive father Kolo brought him to the United States. Yes. Yes, your honor, and he lived then with his adoptive father And when he was 16 years old after he turned 16 There was a petition for adoption file Yes, but not until then right? Well, right your honor before then they had filed a guardianship and Attempted to file an adoption, but it never actually made it to the court because as I was about to say, mr Ojo was misinformed by legal counsel about the necessity for the adoption order and it's Consequences. I'm sorry. You keep saying mr. Ojo his father Kolo, they all Joe the adoptive father. I See, okay, so he took his adopted father's name. That's what's confusing me. He did he did Joe's the name of these of his adoptive father of his adoptive father all right, his name before then was so K fun and the the adoptive father is actually his biological and he was Uncle Okay And so The adoption was approved When he was 17 initially, yes, right and in 2014 a year ago You went back and got a number of tongue quarter And made it effective the day before his 16th birthday Yes, your honor because I contended in the judge and then the BIA said we don't recognize non pro-talk orders Yes, your honor issued by the state courts of the United States But the problem was he he's between the time The first adoption order And when you filed Get it not pro-talk He had a couple of felony convictions. Yes, your honor, which made him removable if he was a non-citizen correct John There we are with this Not pro-talk rule that they applied to you that said they don't recognize non pro-talk orders in any situation Period That is true. Your honor except that there has been a recent like that changed it But when they what the one they applied to use as we've never recognized Non pro-talk orders you do any adoption work. I do your honor in Adoptions kind of case of non pro-talk orders show up a lot Don't think that hasn't been my experience. I've been your experience What were the grounds and you were just about to tell us what you said to the judge to get a non pro-talk order? I Talked to the judge about the Blacks law definition of adoption and about the various kinds of adoptions that have been recognized in the past and argued that because he came to the United States pursuant to The attempt of desire to be adopted and that is the reason they received him The fact that they didn't do the paperwork until you know when they did it does not Obviate an adoption by estoppel for example or other kinds of adoptions that the state of Maryland has recognized in the past and that in some sorts of adoptions the order of adoption can be a ministerial act that recognizes a Relationship that has been established in the past And the judge I have a question. Excuse me. Mr. Griffin sir My problem with the adoption argument that you are making at this point Is that it seems to me from reading the Child Citizenship Act? Provisions that your client had to have qualified for legal permanent residency In the United States Irrespective of this adoption and and we don't have that qualification before he turned 18 So why isn't that the determinative? Circumstance in this case his failure to qualify for permanent legal residency in this country before he turned 18 Well, your honor that issue is certainly a determinative issue The statute actually says that he should have been admitted to the United States pursuant to the legal permanent residence My argument is that The word pursuant to or the phrase pursuant to legal permanent residence was initially drafted with Visas in mind such that people would come to the United States under an IR category visa or an IH Category visa those visas are pursuant to legal permanent residence. Not that they would have a legal permanent residence before they got here however, the courts have Decided that when children come if they get legal permanent residence sometime after they arrive Then that will also be considered pursuant to as long as they're not before their 18th birthday Correct, and he did not have that in this case. He didn't but if you look at the so why doesn't that Pretty much sink his case Legally if you if you look at the reason why they have decided to accept these children even though they weren't initially admitted pursuant to legal permanent residence it I feel as if those reasons would just as equally apply to My client who applied for a legal permanent residence before he turned 18 But the legal permanent residence clearly was not approved until after his 18th birthday I believe it was May 4th 2002 He was 18 After he turned 18. Yes, sir, but before he turned 19 before he turned 19, but you filed it when he was 17 I did not personally your honor, but yes, he was 17 years old because he could not file it before Right. He could not file it before the Adoption was approved. So that had to happen first and then they filed for the green card But I would argue that when he first came to the United States, it was pursuant to legal permanent residence and citizenship That was the point He came in under a visitor's visa Which frankly they were not supposed to do what the BIA didn't address this issue, right? I Don't believe so. Your honor. They focused on the the adoption issue your honor This has never been addressed this issue Well, it's been it's certainly been briefed. I it was was relied on by the BIA I think they relied on the the adoption point your honor They didn't address it it's not before So it's kind of important for you to know You're absolutely right your honor And I Will confirm for you in one moment that might be an alternative ground for the Attorney General to argue Why you should lose that's what? That's what well, the Attorney General has certainly made that argument right and And they've said they've made a new rule on this Not pro-tunk stuff They got a lot of alternative grounds here Yeah, I don't see that it was separated out From because both of these provisions are in the same act I don't see where it was separated out as the separate grounds for denying Okay, your honor so I would make the same argument today that I made before the Montgomery County judge in Maryland that The adoption is created by judicial order Interestingly in our Huang Michael J. Creppy is the record of the in Montgomery County in in this record I found the the order is no pro-tunk order is the original order in the second but the You're talking but there was a motion. I suppose in a hearing There was there was a motion your honor. What's your hearing? No, your honor the next part a proceeding it just went in and presented a motion and the judge ended up the order Yes, your honor Okay, it was an adoption proceeding. So that's way adoptions work. I mean are normally that way, right? I mean, there's no opposing judges are doing everything they can to help the family Generally, they act in the best interest of the joyous occasion as I recall. I'm sorry They're usually kind of joyous occasions Generally judges like to do adoptions. Yes, your honor. Nobody leaves. I'm happy Unless the lawyer has not done his job. What's that? Unless the lawyer has not done his job. That's the lawyer has not done his job Anyway, so but the government says no pro-tunk orders. We don't Abide by according to matter of Carriega and matter of Driegel They they they say we don't of course according to matter of Huang. They say we now do as long as It was limited circumstances, right under different circumstances what circumstances with what's your position? My position is that? BIA frankly and Congress and the USCIS have the authority to assess underlying qualifying relationships as to whether the alien can receive immigration benefits But that they should not be assessing state court orders and trying to look underneath the order to see You're saying they have to defer to state court orders. Yes, your honor In every in every instance No, your honor. What if it's fraudulently obtained? Well, that would be the exception your honor. See the is that the only exception? What is it? What about? well, what has done just for the purpose of right helping out the Petitioner in a not in an immigration case that that would be the second one. Well, that's what you did, right? Your exception would apply no, yeah, then you just admitted yourself out of court No, your honor. Well, you did but the relationship between Petitioner and his adoptive parents is a valid and legitimate relationship and the BIA did not reject it for fraud or because it was an ad Adoption they rejected it because they did not abide by non-proton adoption orders It is quite a separate thing. They were they had a broad rule in effect. And that's when they applied that Cariego or whatever they want to call it, right? They said we don't abide by No pro-tunk orders in adoption cases. Yes, your honor which means We don't care what any of the 50 states do We aren't going to recognize which is the argument that that's why they overstepped and that's why they have so many That's why they turned you down, but you got a red light on But you go ahead and finish your thought there. I think this. Thank you, your honor This is why so many district courts have ruled against them. This is why they ended up reconsidering the policy it's because it truly does overstep their bounds to say that We won't recognize these orders in any case They redid recast the policy because the non-circuit ruled against them. Yes, your honor. Okay, we recognize that Let's see what you say some time. Yeah, thank you Can you at the outset tell me whether the BIA Relied on the failure to qualify for legal residency Before 18 years age. No the board did not and primarily because in the motion to reopen that was filed With the board that argument was not addressed or raised by Petitioners Council at all The sole argument was not before us, right? It's not before us and the government opted to respond to petitioners arguments raised though in the brief So Government doesn't make the argument that if he should win on the first on his other argument that we should affirm on this basis Not on this basis, but I wanted to point out that remand would be futile though Nonetheless because he would not have derived United States citizenship And even though the board did not address it in the denial of the motion to reopen The immigration judge had looked at this before when the merits of the asylum withholding and CAD Application were pending and so the facts were you are arguing that now You're arguing that if we will against you on the dunk-pro-dunk question We shouldn't remand because you win anyway You should remand we should remand should remand if I disagree with us But essentially that nonetheless we wanted to point out he did not would not have derived United States citizenship But you should remand if you rule against us on the dunk-pro-dunk question. Well, you've confessed error on the dunk-pro-dunk haven't you? You say you've changed the rule so you applied the wrong rule against him At the time there at the time you've changed the rule that you used against it It's the government's position that the board created an exception to the general rule Which is that it does not recognize non-proton adoption decrees and there's an exception the board do that How can the board decide it's not going to recognize state court orders? That on their face are legitimate I Think they prove they're fraudulent or something or robbery involved. It might be something you could deal with but Okay, I've got a question if I could please Yes Where is the evidence of any fraud here? I mean it it just seems to me It's totally absent from the record. You do have the 13-year Lapse and you certainly there is the criminal activity that occurred in the intervening period but where's the evidence of fraud or manipulation of the State court adoption process the government is not taking the position that the adoption was necessarily fraudulent The government is taking the position though that Congress has written a statute Which the agency has interpreted in order for determining whether or not they're bona fide or spurious adoptions and that rule was set forth through the imposition of an age restriction and that in To meet the definition of a child the person must have been adopted while under the age of 16 Congress opted to create this rule instead of creating the investigative means for doing a case-by-case basis Unfortunately in some situations there are going to be people who fall on other side of the rule How do you to figure out when a person was adopted in? I'm sorry, could you rephrase your question? How would you figure out when a person was adopted if you didn't look at the adoption record in the state court federal courts Don't do any adoptions, right? Not to my knowledge. I don't think a biggest Congress could do that I guess they could say anybody that's in foreign national needs to be adopted got to go to a federal district court Then they'd have all in the same system, but they haven't done that they've deferred to the 50 states on adoption, correct? Correct. So anytime you got an adoption in a in a in an immigration case You got to see what the state court record is you got 50 possibilities and there's probably differences But they're all adoptions Adoptions not you don't claim that's ambiguous. Do you the term adoption? No, you don't claim that's it. Okay, and then when you go to the state court record and you look at the Records to see when the adoption was effective, right? That is correct. And if there's a non pro-tunk order the adoptions effective when the court says it's effective Because it can enter an order and make it Effective non pro-tunk back to some date Correct state courts can do that federal courts could do that. I mean courts do that kind of stuff and they're not presumptively fraudulent Unless you say they are I mean, you know, maybe you all said they were before but but you've given up on that I think but you applied that here, but They're not presumptively fraudulent and you don't claim there's any fraud here. That is correct your honor But so how do you get around the fact that the circuit judge in Montgomery County or the Domestic relations judge in Montgomery County made this adoption effective When this young when this man was 15 years old in 364 days a couple of points your honor the first being that Immigration law is a federal law immigration laws a federal law. We don't agree with that. Correct All right, and Congress has written a statute for determining who constitutes a child for purposes of immigration We ought to be a child and you're under 16 if you're a child If you're adopted while you're under the age of six, that's right You got to be under 16 to be a child Correct. You got to be adopted and so the it all comes down to the effective date of the adoption right and to find that out you look at the state court record or Here you it's effective when the BIA says it's effective and the BIA is not an appellate court from the From the Montgomery County State Court, is it? No, but the board is interpreting a statute that Congress has written Which is interpreting the state court adoption orders It's interpreting the state court adoption orders and it's saying it's not going to recognize it Interpreting the phrase what it means to have been adopted while under the age of 16 and the government has taken the position over the years that It's a strict interpretation of what it means to be of adopted and that the previous seatings have concluded But you have to say something you have to say that's ambiguous It is ambiguous and that's how is it ambiguous? It says adopted when they're under 16. It's adopted. We can look at the state court record Adopted the day before he turned 16. It's ambiguous. That's what the state court order says It's ambiguous and silent though with respect to the non-pertunct adoption decrees The statute does not address what happens in those situations. It's a different deal I would think or maybe you said spurious. I don't know what that means that that's probably ambiguous Various is ambiguous. I'll give you that but I don't think Don't proton to such-and-such a date. It's very ambiguous. You can just look at the date Then you compare it to his birthday, but the statute does not Address that what happens in the situation of non-pertunct adoption decrees He filed the petition here when he was 16 years 10 months old He went back to do all those facts and he didn't file his and he didn't answer this non-pertunct This is an exceptional one. A lot of them are made non-pertunct. I mean, I've been in adoption proceedings myself And and they make them lots I'm non-pertunct at the time that the baby was taken by the adoptive parents I don't think they're that uncommon But the concern here again is because of the possibility for evading immigration laws and fraudulent adoptions are one ways In which a person if you want to not combat we're all for knocking out fraudulent adoptions Uh This young man lived with these folks From a time. He was six years old That is correct. And he's he's adoptive uncle. He changed his name. That is so you don't claim us for fraudulent adoption. No So there's no fraud in this case. That's not an issue in this case It's not an issue in this case But it was a greater policy interest as discussed by the board and matter as to whether the board can disregard the state court Order Legitimate state court order not procured by fraud or bribery or Spurious assume you've given that up to it's not just regarding the state court order with respect to whether or not he's adopted and when His adoption you disregard the state court order on the date You disregard it on the date that state court order says it's effective August the 17th August 27th 1999 you say it's not But it's that's exactly what you say And the question is whether we can uphold you or not whether you're entitled BIA is Entitled to do that and and and you say that that's kariga case stands for that proposition right In Carriaga, they were balancing various policy interests by Congress Which were which should get don't do we don't want any fraud in these proceedings? So we're not going to recognize it Then you got the panel of the of the board to adopt this kariga rule that we're not going to recognize non-protocol order Right, but no court and hardly in the country except 11th Circuit in a unpublished opinion ever agreed with you Correct and then the 9th Circuit says you can't do it and then you went back and changed it Well, the 9th Circuit that decision was withdrawn. Well was withdrawn. That's right thing, but they send the books It's it's in the third It says it's judge Fischer's wrote opinion and he withdrew it because y'all were going to change the rule Yes, but it was then you purported to change the rule with another panel decision That didn't even have a mature didn't even have a unanimous decision What why didn't you go in bank and get him to change it? I'm not certain. Why do you know what the rules are for the for the board for in bank proceedings or anything? I'm not clear. I know is it one one panel overruled another one? No, it it's government's position that they did an overrule. They still don't recognize non-protocol adoption decrees You said we got a new rule we're not relying on the first rule There's a general rule that they don't recognize the non-protocol adoption decrees But there is now a limited exception in which they do and those are Situations in which the petitioner has filed you want us to rely on that which rule you want us to rely on We would argue it's one rule that they work in tandem to know but did but there's the Korygo rule and the Hwang rule and the Hwang rule is narrower Mean they put in some qualifiers you I mean it pulled him out of the air But but they put him in there and the first rule the Korygo rule says Non-protocol orders are verboten. We're not going to deal with not going to recognize. There's a strength like that of rejection So which rule you want us to apply? They have to work together in tandem that they generally won't recognize non-protocol adoption decrees But for this limited circumstance Which is not applicable here and to go back Even though the Maryland State Court has said to jury the adoption took place before he was 16 now 13 years later de facto it had not taken place and the government contends that if you open it up not recognizing all non-protocol adoption decrees that essentially what the state courts would be doing is Overstepping its grounds and possibly nullifying the age restriction that Congress had set forth in the statute when it comes respect to the definition of a child and who adopt a child is and It should be given considerable deference by this court They have considered the legislative history Matter of Karyaga again matter of Driego most recently a matter of wing. It's had the benefit of Re-evaluating, but I think for me the problem that argument is that you have already If it's true that we have to defer to Congress and Congress said Child it wasn't putting in any no proton adoptions, but I mean that's and to defer to them and not to to but you've already Exceeded and said there is one exception when you say it's a narrow exception So I don't I'm not quite sure how all that works. I mean this isn't your fault Right, but you're put here in a kind of a non-tenable position, you know And I think the board explained it as such and that Looking at adoption as we discussed before you look at to the order and when the effective date was from the order They're now tethering it to the fact that Petitioners cannot be faulted for situations in which the state courts have delayed on ruling on their adoption petition and that's why they want to look at to determine whether or not the adoption petition was filed before the age of 16 and so that progress was being made legally before the courts To have the adoption completed before the age of 16 so the board reserved it to itself to be able to review the Validity of the adoption proceedings in the 50 states It's going to review each of them and see whether the criteria of the board are satisfied And and and that it reserves the power to disregard the adoption orders of the various states and Specifically here you're disregarding this one And this one is pretty good set of facts for you because of the time factor and it's plainly done for purposes of immigration It will give you that But you're what you're the rule you're sponsoring is much broader than that Even you I don't think the agency would say that all adoptions that are done for immigration purposes are wrong No, you know no, but there's a lot of times. They're going to be done for that purpose Yeah But there are situations in which it's going to be done for immigration purposes And that's where there needs to be caution and Congress opted by providing This rule in the statute and so that it would not be subject to the various state laws while some don't recognize Or don't have provisions expressively permitting for non-proton adoptions, right and you know I mean that makes a certain amount of sense to me, but you're familiar with the federalism concepts that the Supreme Court is enthusiastic about and adoption seems to me to be a That we have entrusted to the states and so It would seem odd that a federal statute would define Which it doesn't define what adoption is or what what criteria would be? So why would a federal agency be able to do that rather than? in in In Dispute with the state it doesn't define what an adoption is But it does the find who a child is for the purposes of immigration law Well, you're just saying the agency can decide when the court order is effective The court in this case, Maryland, right Adopted Ruled that this fellow is adopted by his adoptive father and It gave a date of the adoption and you're saying that the that the federal agency the BIA can ports decides for itself Whether that date is right or wrong and can decide on a broad sense with paint with a broad brush That a large class of them are wrong Which flies in the face of this federalism thing? It's slap in the face They're not to the various 50 states and to all the judges in 50 states of new adoptions That they're not going to be recognized if the BIA Thinks they've done meet its standards They're not challenging the validity in this case a lot more important than this than this young man. He's important Then important to his lawyer here, but but but what the board's doing here is very paint with a very broad brush Either with either of these rules Now maybe they can go in and get Congress to change the statute and fix it for him But they want the court to fix it or recognize that you all fixed it And Mary matter of Carriaga is a very long-standing But you've abandoned that After the Ninth Circuit got after you and all the courts I mean DC courts and the New York courts the district courts all Criticized it and said they weren't going to abide by it and then the Ninth Circuit Said it wasn't any good and you all abandoned it It's government, but it but tried to rewrite it. It's a good try to Cut it back a little bit again It's the government's position that matter of Carriaga has not been abandoned or overruled or it hadn't been overruled. So it's still effective Well, what's that is the government whining about? Why'd you give us this? This 28 J letters that we have changed the rule Well, there's still in there the more recent There's still a general rule that it will not recognize non-proton adoption decrees But they're inconsistent one portion But there is an exception that has been provided in which they'll look at non-proton adoption decrees And so again the Board is not challenging the validity of the non-proton adoption decree as it applies to the creation of the adoptive relationship in the child status Under state law it has to do with federal law and whether or not he's been adopted while under the age of 16 But adoption is a uniquely State law you've said that it's a state law issue States do it the federal government the federal courts don't do adoptions the states do adoptions the questions whether the the the BIA is going to recognize the state adoption proceedings and If whether it can pick and choose right, but the statute is for the purposes of federal law Congress has not plainly indicated in its statute that it was going to be dependent upon state law and There are situations similar to that of marriage where marriages that qualify the statute There's two things was there an adoption and when was it? And it seemed to be like that's very easy to determine if you got access to the state court record There's an adoption decree and it's got a date on it I See you that might answer Yeah, I mean, but that's the answer to the question. I just wanted you were about to make an analogy to Marriages so Spin that out for me what you think helps you I Mean, it's largely changed Indeed yeah for not sure that there is an analogy that helps well, just with the marriage law and what certain states had defined marriage as between a Certain genders and that has changed with time as Windsor, but it required the government to Essentially Depart from its Defense of Marriage Act and recognize it, but it was until the federal government had done So that same-sex marriages That were recognized in states Could receive federal law benefits That's a little bit clear Thank you Your honors I'd like to address a few of the questions that were asked for Maryland law says that Adoption decrees are valid for all purposes under the state law to what? Maryland law says that adoption decrees are valid for all purposes In fact, if you were going to begin treating adopted children differently from natural-born children I suspect it would implicate equal protection problems The changes to the rule that matter of Hwang made In my opinion are not good enough. They don't actually fully address what the Ninth Circuit objected to Because it makes that narrow exception, but The full faith and credit issues that um your honor What are any other Elucidated I'm talking about the matter of Hwang exception. This is that it makes a narrow exception. It makes it narrower. All right, okay So no protoc orders are always valid there's nothing in Title 8 USC 1431 that changes that The title says adoption. It doesn't define adoption. The definitions obviously come from the states In terms of fraud there was no fraud in this case What do you in most of the cases? your opposition attorney To her credit agrees with you on that, right? There's no fraud here, right? And in the most of the cases that have come before the courts on this issue the children had been living with the adoptive parents for many years before it had gone on to the Courts of Appeals you have to worry about the other. Oh, you'd have to worry about your kids, right? And the record here is he had been living with these people, right? Right. So generally this this matter of Carriaga rule that he's been living in the United States since he's six years old And if he if he's removed he goes to Nigeria where he hasn't lived since he was six years old. Yes, your honor and So this matter Carriaga rule which is supposedly created in order to avoid fraud in my opinion isn't doing a very good job of avoiding Fraud it seems to be Picking off these bona fide relationships And I don't think that judges family court judges are going to suddenly start issuing a bunch of non-protect orders Just because lawyers asked for them It's not an easy thing to do we can realize this failure to qualify as the legal residence before you're 18 is still a Possible reason why he would not prevail. I recognize that your honor I I previously stated my argument regarding that issue. I do think there is room for I understand your argument. Okay? And it's an argument. It's not Yes, your honor Regarding I believe one of one of your honors mentioned that this adoption was clearly sought to For immigration purposes, I would like to point out. We agreed to that to this petitioner into his family the family relationships are just as important as The negative consequences of him being sent off to Nigeria a place that he hasn't seen since he was he was a baby The unified his criminal sentence now has he served criminal sentence he has served your honor He was in jail for quite some time before immigration customs enforcement picked him up He did serve his time He is And and finally two years old or 41 years old 42 years old born 83 I Like to discuss the analogy of adoption to marriage only to point out that the BIA itself in matter of Marquez and matter of Ykw Said that adoption is similar to marriage and should be ruled on in a case-by-case basis Those cases are cited in matter of long if you're interested Further that the BIA actually recognizes marriages that have no papers No court orders, they recognize marriages that are done in foreign countries according to local custom The BIA did admit in matter of long that matter of Carriego was too restrictive I think the words are too limiting and Therefore that's why they made the changes they made and therefore I think that qualifies as is is it being overturned? I Think that is it your honor. Thank you very much for your argument We will come down and greet the lawyers and then we'll go directly to our left
judges: Diana Gribbon Motz, Robert B. King, Barbara Milano Keenan